IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:19-CR-183-FL
NO. 7:23-CV-177-FL

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| JEROME DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (DE 71), and the government's motion to dismiss (DE 77). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Criminal Procedure 59(b), United States Magistrate Judge Robert T. Numbers, II, entered a memorandum and recommendation, wherein it is recommended that petitioner's motion be denied, and the government's granted (the "M&R") (DE 85). Petitioner filed objections to the M&R. In this posture, the issues raised are ripe for ruling. For the following reasons, petitioner's motion is denied, and the government's is granted.

## BACKGROUND

The court incorporates herein the facts and background as more particularly set forth in the M&R:

In November 2019, a federal grand jury returned a five-count indictment against Davis charging him with several drug and gun offenses. (Indictment (DE 1)). Davis eventually pleaded guilty to all five counts without a plea agreement. (See Arraignment Minute Entry (DE 30)).

In April 2021, the United States Probation Office ("UPSO") filed a Presentence Investigation Report (DE 44). The PSR found that Davis had a total

offense level of 29 and fell into criminal history category VI. (Id. ¶¶ 32, 70). That combination, along with certain other sentencing requirements, yielded an advisory guideline range of 211 to 248 months in prison. (Id. ¶ 73).

But the PSR ultimately suggested that the court sentence Davis to a longer prison term. That recommendation came from the Probation Office's conclusion that Davis qualified as a career offender under the sentencing guidelines due to his criminal history. According to the Probation Office Davis's prior convictions in North Carolina for selling and delivering controlled substances and his conviction in Florida for resisting an officer with violence supported this conclusion. (Id. ¶ 67). The career offender enhancement raised Davis's advisory guideline range to 262 to 327 months in prison. (Id. ¶ 73).

The court held Davis's sentencing hearing shortly after receiving the PSR. (Sentencing Tr. (DE 61)). At that hearing, Davis objected to the career offender designation. He argued that his prior Florida conviction should not count as a crime of violence. (Id. 3:19–7:16). The court overruled the objection, but after applying a downward departure, it sentenced Davis to 240 months in prison. (Id. 40:5–20). Davis appealed the court's judgment in early May 2021. (Not. of Appeal, (DE 55)).

While Davis's appeal was pending, but before he filed his opening brief, the Fourth Circuit Court of Appeals decided United States v. Campbell, 22 F.4th 438 (4th Cir. 2022). In that case, the Court of Appeals concluded that West Virginia's law criminalizing delivery of a controlled substance was not a controlled substance offense under the federal sentencing guidelines. Id. at 449. The appellate court found that "the least culpable conduct criminalized by the West Virginia statute is an attempt to deliver a controlled substance." Id. at 442. Then, after reviewing the language of the sentencing guidelines and its commentary, the panel reached "the conclusion that an attempt offense, and so the West Virginia conviction at issue here, is not a 'controlled substance offense.'" Id. at 443–44.

Yet Davis's opening brief to the Court of Appeals only raised the issue of whether his Florida conviction for resisting an officer with violence qualified as a crime of violence. United States v. Davis, No. 21–4217, 2022 WL 12338485, at *1 (4th Cir. Oct. 21, 2022); (Mem. Supp. Mot. Vacate (DE 71-2) 2).

But after the parties completed their briefing, Davis asked to submit a supplemental brief. Davis, 2022 WL 12338485, at *1; (Mem. Supp. Mot. Vacate 2–3). That brief sought to challenge whether, after Campbell, "his North Carolina drug convictions count as a 'controlled substance offense' for purposes of the career-offender provision." Davis, 2022 WL 12338485, at *1.

The Fourth Circuit affirmed the judgment against Davis. Id. at *3. The court held that the resisting an officer with violence conviction qualified as a crime of violence for purposes of the career offender enhancement. Id. at *2–3.

2

The court also rejected his attempt to file a supplemental brief. Id. at *3. The appellate court explained that he abandoned his *Campbell*-based argument by not including it in his opening brief. Id. (citing United States v. Al-Hamdi, 356 F.3d 564, 571 n.8 (4th Cir. 2004)).

In March 2023, Davis moved to vacate his sentence under 28 U.S.C. § 2255. (Mot. Vacate, (DE 71)). Davis claims that his lawyer provided constitutionally ineffective assistance by failing to include a Campbell-based argument against his career offender status in the opening brief. Id.

According to Davis, if his lawyer had made the Campbell-based argument "it is more likely than not" his prior drug convictions would not have qualified as a controlled substance offense. Id. If he won the appeal, his case would have been remanded for re-sentencing without the career offender enhancement. Id. And without that enhancement, Davis's advisory sentencing guideline range would have decreased substantially. (PSR ¶ 73).

One month after Davis moved to vacate, the Fourth Circuit decided United States v. Groves, 65 F.4th 166 (4th Cir. 2023). The court addressed whether a federal drug distribution conviction under 21 U.S.C. § 841(a) is a controlled substance offense that can support a career offender enhancement. Id. at 172–74. Groves argued that the federal statute defined "deliver" similarly to the West Virginia statute in Campbell, and thus the court had to find that his federal conviction could not support a career offender enhancement. Id. at 172.

But the court differentiated the two regimes. Id. at 172–74. It noted that federal law contains a separate statute criminalizing drug-related attempt offenses. Id. at 172. And adopting Groves's argument would render that statute superfluous and "absurdly exclude . . . quintessential drug trafficking crimes . . . from treatment as a 'controlled substance offense'" under the Guidelines. Id. at 173. So it held that his federal conviction could support a career offender enhancement. Id. at 174.

In June 2023, the United States asked this court to dismiss Davis's motion to vacate. (Mot. Dismiss (DE 77)). The government argued that Groves required a ruling in its favor because the language of the North Carolina statute Davis violated tracks the language in the federal statute in that case. (Mem. Supp. Mot. Dismiss (DE 78) 12–13). So, according to the United States, Davis's claim fails because he cannot demonstrate a reasonable probability that he would have succeeded on appeal. Id. at 13–14.

Then, one month later, in United States v. Miller, 75 F.4th 215, 230 (4th Cir. 2023), the Fourth Circuit addressed whether, after Campbell and Groves, a conviction under North Carolina law for selling or delivering a controlled substance qualified as a controlled substance offense under the guidelines. The court found that "like the federal statutory scheme at issue in Groves, North Carolina separately criminalizes attempt offenses from drug offenses." Id. And it concluded that

3

"construing North Carolina's controlled-substance-delivery statute not to be a controlled substance offense under the Guidelines would be" inconsistent with the Sentencing Commission's intent. Id. So the appellate court held that a conviction under North Carolina General Statutes § [90-95(a)(1)] qualified as a controlled substance offense under the Guidelines. Id. at 230–31.

Both Davis and the government filed additional briefs after Miller. Davis argues the court should only rely on Campbell in assessing his attorney's performance. (Surreply Mot. Dismiss (DE 84)). The government maintains that Miller compels a ruling against Davis because it shows that he was not prejudiced by his attorney's conduct. (Reply Supp. Mot. Dismiss (DE 83)).

(M&R (DE 85) 2–5 (footnotes omitted)).[1]

## COURT'S DISCUSSION

A.  Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

---

[1] Unless otherwise specified, page numbers specified in citations to the record in this order refer to the page number of the document designated in the court's electronic case filing (ECF) system, and not to page numbering, if any, specified on the face of the underlying document.

4

B.  Analysis

Petitioner raises several objections to the M&R. (See generally Objs. to M&R (DE 86) ("Objs.")). The court disagrees with these objections, and determines that the M&R should be adopted, and petitioner's motion denied.

Petitioner's claim revolves around an ineffective assistance of counsel claim, so the court first briefly examines the legal framework applicable to such claims.

The Sixth Amendment to the United States Constitution requires that a criminal defendant's counsel provide adequate legal assistance. Strickland v. Washington, 466 U.S. 668, 686 (1984). This right extends to all critical stages of a criminal case including, as relevant here, to sentencing and appeal. Lafler v. Cooper, 566 U.S. 156, 165 (2012).

Strickland establishes a two-element test for ineffective assistance of counsel claims under the Sixth Amendment: a claimant must establish that 1) his or her attorney's performance fell below an objective standard of reasonableness; and 2) such performance prejudiced the claimant. Strickland, 466 U.S. at 688–93.

Crucially for this case, the first prong is evaluated under prevailing norms at the time of the attorney's performance. Id. at 690. However, the second prong, prejudice, is evaluated as of the time the claimant presents his or her ineffective assistance claim. Lockhart v. Fretwell, 506 U.S. 364, 371–72 (1993). With this distinction in mind, the court turns to petitioner's objections.

Petitioner's objections are devoted entirely to the performance prong of the Strickland test. (See generally Objs.). However, as the M&R correctly noted, a ruling in petitioner's favor on that prong would not entitle him to relief, because he cannot meet the prejudice prong. The court will therefore assume without deciding that petitioner is correct on his performance arguments.

5

However, petitioner's predicate drug convictions are under N.C. Gen. Stat. § 90-95(a)(1), and the Fourth Circuit squarely held in Miller that a conviction under that statute is a controlled substance offense within the meaning of the guidelines sufficient to support a career offender enhancement. Miller, 75 F.4th at 230–31. Therefore, the argument petitioner contends his appellate counsel should have made on direct appeal is squarely foreclosed under current law.

Petitioner counters that his arguments might have had merit at the time of his original appeal. But this argument is immaterial, because an ineffective assistance claimant cannot demonstrate prejudice through failure to raise an argument rejected by later-decided precedent. Fretwell, 506 U.S. at 371–72. As succinctly stated by a concurring opinion in Fretwell, which summarized the majority opinion's holding, "we hold that the court making the prejudice determination may not consider the effect of an objection it knows to be wholly meritless under current governing law, even if the objection might have been considered meritorious at the time of its omission." See id. at 374 (O'Connor, J., concurring).

The Fourth Circuit has consistently applied Fretwell in exactly this manner. See, e.g., United States v. Baker, 719 F.3d 313, 321 (4th Cir. 2013) ("[the] prejudice prong is governed by the law as it stands at the time a court [considers] a defendant's ineffective-assistance claim, in contrast to the performance prong, which is governed by the law as it stood when the . . . lawyer acted"); Elmore v. Ozmint, 661 F.3d 783, 866–68 (4th Cir. 2011); Bell v. Ozmint, 332 F.3d 229, 243–44 (4th Cir. 2003).

Petitioner's arguments were not necessarily meritless under governing law at the time of his appeal, and so it is conceivable the first prong is met. However, petitioner's arguments are now squarely foreclosed by Miller, and so he cannot meet the second prong. Petitioner's ineffective assistance of counsel claim therefore fails.

6

The court has examined the rest of the M&R, to which petitioner does not object, for clear error in light of the underlying record and briefing. See Diamond, 416 F.3d at 315. Finding none, the court adopts the remainder of the M&R.

C. Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

Based on the foregoing, the court ADOPTS the recommendation of the M&R (DE 85); petitioner's motion to vacate, set aside, or correct his sentence under § 2255 (DE 71) is DENIED, and the government's motion to dismiss petitioner's claim (DE 77) is GRANTED.

SO ORDERED, this the 24th day of January, 2024.

_____
LOUISE W. FLANAGAN
United States District Judge